IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TROY T. POPE, AIS# 00278311,     ) | |
|     Petitioner,     ) | |
| ) | |
| v.     ) | CIVIL ACTION NO. 15-00102-WS-N |
| ) | |
| CYNTHIA STEWART, Warden,     ) | |
| Fountain Correctional Facility,     ) | |
|     Respondent.     ) | |

## REPORT AND RECOMMENDATION

Petitioner Troy T. Pope ("Pope"), an Alabama prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (Doc. 1) on February 19, 2015,[1] challenging his criminal conviction in the Circuit Court of Mobile County, Alabama, Case Nos. CC-10-568 through -571.[2]  The Respondent has not yet been served with the petition.  On March 9, 2015, Pope filed a motion to voluntarily dismiss his habeas petition without prejudice (Doc. 4), claiming that he has not yet exhausted in state court the claims raised in his petition.  Under SD ALA Local Rule 72.2(c)(4), this matter has been referred to the undersigned United States Magistrate Judge for entry of a report and recommendation as to the appropriate disposition pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).

[2] Because Pope challenges a conviction and sentence handed down in Mobile County, and because he filed his petition from Fountain Correctional Facility in Atmore, Alabama, both of which are within this judicial district, this Court has jurisdiction to entertain his habeas petition.  *See* 28 U.S.C. § 2241(d).

Pope's petition represents that his conviction, which resulted in a sentence of "(3) life sentences plus 15 years," was affirmed by the Alabama Court of Criminal Appeals on June 15, 2012, that his petition for rehearing with that court was denied (date unspecified), and that his petition for certiorari was denied (date and court unspecified). Pope also represents that he filed a collateral attack of his conviction under Alabama Rule of Criminal Procedure 32, which was dismissed on May 9, 2014.[3]  The claims for relief raised in Pope's petition are (1) he is "actually and factually" innocent of the crimes for which he was convicted and (2) both his trial and appellate counsel were ineffective.

Federal Rule of Civil Procedure 41(a)(2) allows for voluntary dismissal of an action "by court order, on terms that the court considers proper."  While Pope is free to voluntarily dismiss his habeas petition without prejudice, he should be made aware that dismissal, even without prejudice, may foreclose future habeas review of his conviction.

Pope's habeas petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2241 *et seq.* ("AEDPA").  *See, e.g., San Martin v. McNeil*, 633 F.3d 1257, 1265 (11th Cir. 2011).  "AEDPA imposes a one-year statute of limitations on all federal habeas corpus petitions." *Id.* (citing 28 U.S.C. § 2244(d)(1) ("A 1–year period of limitation shall apply to an application for a writ of habeas corpus ....")).  "This rule 'serves the well-recognized interest in the finality of state court judgments' and 'reduces the potential for delay on the road to finality by restricting the

---

[3] A search of "Troy Terrell Pope" in Alabama state court cases on WestlawNext reveals only one decision of the Court of Criminal Appeals, dismissing Pope's appeal in "CR-10-1461" on August 3, 2011.  *Troy Terrell Pope v. State*, 114 So.3d 174 (Table).  A review of federal court records in the Public Access to Court Electronic Records (PACER) website indicates that this is Pope's first and currently only habeas petition.

2

time that a prospective federal habeas petitioner has in which to seek federal habeas review.' " *Id.* (citing *Duncan v. Walker,* 533 U.S. 167, 179 (2001)). Specifically, AEDPA's statute of limitations provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Once the limitations period begins, "[t]he AEDPA clock continues to run until the individual seeking review files a state motion for post-conviction relief. Once the petitioner files a motion for post-conviction relief in state court, the AEDPA clock stops." *San Martin*, 633 F.3d at 1266 (citing 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.")). However, "the filing of a petition for habeas corpus in federal court does not toll the statute of limitations…" *Rhines v. Weber*, 544 U.S. 269, 274-75 (2005).

3

It is not clear from the information provided by Pope how much, if any, time he has left on his one-year limitations period to challenge his conviction.  However, Pope should take this time limitation into consideration in deciding whether he still wishes to dismiss his present habeas petition.

Upon consideration, the undersigned **RECOMMENDS** that Pope's motion to voluntarily dismiss without prejudice (Doc. 4) be **GRANTED** and that this action be **DISMISSED without prejudice**, unless Pope requests to withdraw the motion within the time allowed for objections to this recommendation, *see infra*.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 18th day of March 2015.

                                                */s/ Katherine P. Nelson*
                                               **KATHERINE P. NELSON**
                                               **UNITED STATES MAGISTRATE JUDGE**